# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11702
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEMARCUS KEMP,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-123-5

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

DeMarcus Kemp was convicted of one charge of conspiring to distribute hydrocodone and was sentence to serve 175 months in prison and a three-year term of supervised release. He challenges his sentence, arguing that the district court erred by concluding that controlled substances other than hydrocodone should be used to calculate his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11702

The district court's determination of the quantity of drugs attributable to a defendant is a factual finding that we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A finding of fact is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* Put differently, a factual "finding will be deemed clearly erroneous if, based on the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks and citation omitted). Kemp has not met this standard.

In calculating an offense level, a district court may consider the defendant's relevant conduct, which includes "all acts and omissions that the defendant committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused" and which occurred "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). "With respect to offenses involving contraband (including controlled substances), the defendant is accountable under subsection (a)(1)(A) for all quantities of contraband with which he was directly involved." § 1B1.3, comment.(n.3(D)).

The record shows that Kemp was directly involved with the disputed controlled substances. That is, he took part in the burglaries during which these substances, which were later distributed, were stolen. Accordingly, the district court did not clearly err by determining that all of the controlled substances should be used to calculate Kemp's sentence. *See* § 1B1.3, comment.(n.3(D)); *see also United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999).

AFFIRMED.